UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLA DUNCAN,

    Plaintiff,

v.

                                Civil Case No. 22-12700
                                Honorable Linda V. Parker

MAGNA SEATING OF
AMERICA, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS FOR POTENTIAL OPT-IN PLAINTIFFS (ECF NO. 23)**

This matter is before the Court on Plaintiff Darla Duncan's motion for equitable tolling of the statute of limitations for potential opt-in plaintiffs. (ECF No. 23.) The Court reserved its decision pending the Sixth Circuit's resolution of *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (2023). The matter has been fully briefed. (*See* ECF Nos. 23-25). In full view of the Sixth Circuit's rulings in *Clark*, and for the reasons stated herein, the motion is granted.

### I.    Procedural and Factual Background

This is a putative collective action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201- 219 and 29 C.F.R. § 785.24 and the Ohio Minimum Fair Wage Standards Act (OMFWSA), Ohio Rev. Code § 4111.03.

Plaintiff alleges that she was employed at Defendant Magna Seating of America, Inc.'s manufacturing plant in Ridgeville Corners, Ohio.  (*See* ECF No. 1 at ¶ 16.)  Plaintiff states that Defendant is a manufacturer of automotive seating and operates manufacturing plants throughout the United States.  (*See id.*)

Plaintiff further alleges that Defendant: (1) failed to pay for all hours worked (*see id.* at ¶¶ 26-31); (2) failed to pay for donning time (time spent putting on personal protective equipment or PPE) (*see id.* at ¶¶ 32-37); (3) failed to pay for doffing time (time spent removing PPE) (*see id.* at ¶¶ 51-54); (4) failed to pay for time spent walking from the manufacturing floor to the area to don and doff their PPE (*see id.* at ¶¶ 44-45); (5) failed to pay for the time spent walking from the area to don and doff their PPE to the manufacturing floor (*see id.* at ¶¶ 49-50); (6) failed to pay for time spent retrieving parts that were necessary to the employees' job duties (*see id.* at ¶¶ 38-43); (7) failed to pay for manufacturing work performed before the employees' shifts started (*see id.* at ¶¶ 46-48); (8) failed to pay overtime compensation (*see id.* at ¶¶ 55-56); and (9) failed to keep accurate records (*see id.* at ¶ 57).  Plaintiff also alleges that Defendant willfully violated the FLSA.  (*See id.* at ¶ 58.)

On February 24, 2023, Plaintiff moved for conditional certification of this matter as a collective action.  (ECF No. 17.)  On March 31, 2023, Defendant moved to stay the case pending the Sixth Circuit's decision in *Clark*, which

presented the issue of when, in FLSA collective actions, a district court must decide whether other employees are "similarly situated" in relation to the distribution of notice and certification. (ECF No. 18.) The Court granted Defendant's motion to stay. (ECF No. 19.) After the Sixth Circuit issued its decision in *Clark* on May 19, 2023, *see Clark*, 68 F.4th 1003, Plaintiff filed the instant motion seeking to toll the statute of limitations for potential opt-in plaintiffs. (*See* ECF No. 23). Thereafter, the Court held a status conference on December 5, 2023, and, in anticipation of Plaintiff's motion for court authorized notice, permitted limited discovery pursuant to the procedures set forth in *Clark*. (*See* Dec. 5, 2023, Text-Only Order.)

In the current motion, Plaintiff argues that she has met the burden to establish that equitable tolling is necessary. (*See* ECF No. 25 at PageID. 421-22.) Plaintiff further argues that if equitable tolling is not granted, it will deprive potential opt-in plaintiffs the opportunity to join the case. (*See* ECF No. 23 at PageID. 256.)

Defendant opposes the motion, arguing that: (1) *Clark* does not give Plaintiff authority to equitably toll claims for potential opt-in plaintiffs (*see* ECF No. 24 at PageID. 271-73); (2) Plaintiff lacks standing to seek equitable tolling on behalf of opt-in plaintiffs (*see id.* at PageID. 273-76); (3) the Court lacks jurisdiction to grant relief to unidentified individuals who are not parties to the lawsuit (*see id.* at

3

PageID. 276-77); (4) even if Plaintiff could seek equitable tolling, she fails to meet the high burden necessary for equitable tolling (*see id.* at PageID. 277-282); and (5) Plaintiff's request is contrary to the intent of Congress (*see id.* at PageID. 282-85).

For the reasons that follow, the Court grants Plaintiff's motion and tolls claims at this time.

## II.   Law and Analysis

FLSA claims for unpaid compensation must be filed within two years after the cause of action accrues, unless there was a willful violation of the statute, in which case the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). In a collective action, a named plaintiff's claim is deemed filed on the date the complaint is filed, and the plaintiff files a written consent to join the collective action. A claim on behalf of an unnamed, similarly-situated employee is not considered filed until that individual files written notice of consent and becomes a party plaintiff. *See* 29 U.S.C. § 256.

### a.  *Standing*

Defendant argues that Plaintiff does not represent potential opt-in plaintiffs and therefore lacks standing to seek equitable tolling on their behalf. (*See* ECF No. 24 at PageID. 273.) For support, Defendant cites *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033 (S.D. Ohio 2018), where the district court agreed with the

conclusion of "[m]ost district judges" "that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *Id.* at 1046 (collecting cases). Those courts reasoned that "[a]pplying equitable tolling to the claims of unknown plaintiffs not yet before [the] Court contravenes the fact-specific, case-by-case determination that specific circumstances justify the tolling of an individual plaintiff's claims." *Brittmon*, 285 F. Supp. 3d at 1046 (alterations added).

However, the Sixth Circuit made clear in *Clark*, both in the majority opinion and Judge Bush's concurring opinion, that the law and circumstances are different now. *Clark*, 68 F.4th at 1012-13. Defenses, such as a limitations defense, are no longer "off limits for purposes of the notice determination[.]" *Id.* at 1012. They must be litigated—and therefore presented and responded to—as part of the merits determination by Plaintiff. *Id.* at 1012-13. Earlier decisions concluding that it is premature to consider equitable tolling before a plaintiff opts in to an FLSA action, such as *Brittmon*, are inapplicable in light of the new standards and analyses set forth by *Clark*.

b. <u>Equitable Tolling</u>

The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. Cnty. of*

5

*Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

In *Clark*, the Sixth Circuit heightened the standard required to facilitate FLSA notice to potential plaintiffs by holding that "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark*, 68 F.4th at 1011.

This new, heightened standard has delayed notice to potential opt-in plaintiffs in this matter. Equitable tolling is an appropriate remedy for the FLSA statute of limitations "when the facts indicate a delay beyond the movants' control." *Id.* at 1015 (Bush, J., concurring) (citing *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1077 (S.D. Ohio 2019)).

When court delay has time barred a sizeable number of potential plaintiffs, that delay alone could warrant equitable tolling without reviewing the typical equitable tolling factors. *See Betts*, 351 F. Supp. 3d at 1076-77 (citing *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014)) ("When notification to potential class members is impeded by an excessive court delay, equitable tolling helps ensure that plaintiffs are not 'penalized due to the courts' heavy dockets.'").

Thus, tolling should be available to FLSA plaintiffs for any delays caused by the court's heightened standard. *See Clark*, 68 F.4th at 1015 (Bush, J. concurring) (citing *Betts*, 351 F. Supp. 3d at 1077).

The Court declines to analyze the typical equitable tolling factors and chooses to review its delay alone, as the characteristics of the individuals who might later join this collective action will have no bearing on this analysis to toll the claims.[1] *See Rice v. Walbridge Aldinger, LLC*, No. 22-11790, 2023 WL 8411537, at *4 (E.D. Mich. Aug. 11, 2023) (declining to analyze the tolling factors).

The Court is responsible for two delays, each an independent basis for tolling. First, by issuing a stay pending *Clark's* resolution, the Court has delayed the issuance of authorized notice. Second, *Clark*'s heightened standard, which contemplates the need for discovery before a decision on whether notice should issue, and this Court's finding that discovery is needed, have introduced further delay.

---

[1] To determine the appropriateness of equitable tolling, courts typically consider five factors: (1) actual knowledge of the filing requirement; (2) constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal standard. *See Betts*, 351 F. Supp. 3d at 1075 (citing *Truitt*, 148 F.3d at 648).

Moreover, because the decision to grant equitable tolling "lies solely within the discretion of the trial court," the Court will permit equitable tolling in this matter. *Baden-Winterwood*, 484 F. Supp. 2d at 826 (citing *Truitt*, 148 F.3d at 648).

For these reasons, the Court finds that the claims of all future opt-in plaintiffs are equitably tolled. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 171 (S.D.N.Y. 2014) (rejecting a piecemeal approach for determining equitable tolling for each new opt-in plaintiff, and instead tolling all claims as of the date of the filing of the plaintiff's motion for court-authorized notice).

### c. *Jurisdiction*

Turning to the issue of jurisdiction, Defendant argues that the Court lacks jurisdiction to grant Plaintiff's request for equitable tolling. Specifically, Defendant argues that because potential opt-in plaintiffs are not before the Court, an order tolling the statute of limitations on their claims would amount to an impermissible advisory opinion. (*See* ECF No. 24 at PageID. 277.)

An advisory opinion is a "nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose." *Opinion, Advisory*, Black's Law Dictionary (11th ed. 2019). The Court's decision on Plaintiff's motion does not amount to an advisory opinion because this order is a binding interpretation of law on the issue of tolling in this matter and any plaintiffs

8

who are approved to opt-in. *See Rice*, 2023 WL 8411537, at *4 n.4 (rejecting same).

#### d. *Congressional Intent*

Lastly, Defendant argues that tolling the statute of limitations for absent plaintiffs runs afoul of the FLSA and the intent of Congress. (*See* ECF No. 24 at PageID. 282-83.) Defendant also argues that had Congress wanted automatic tolling in FLSA cases, it could have applied Federal Rule of Civil Procedure 23 to FLSA cases, but Congress failed to do so. (*See id.* at PageID. 284.)

Judge Bush addressed this issue in his concurring opinion in *Clark*, finding that the court must look beyond Congress's words. Judge Bush reasoned:

> Notice to non-parties is not explicitly provided for in the FLSA. The collective-action provision is hardly clear in the procedures courts are to follow. In deciding a case about the provision of notice in FLSA collective actions, we unavoidably explore beyond Congress's words. But notice is and must be implied by the statute because the right to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties. That is, the Supreme Court recognized that notice was needed to ensure that a collective action could actually occur.
>
> Because notice is not explicitly provided by the statute, it necessarily follows that the way notice interacts with the statute of limitations also is not explicitly described.

*Clark*, 68 F.4th at 1013 (Bush, J. concurring). Judge Bush concluded that equitable tolling is supported by the FLSA given that the statute requires "accurate *and timely* notice concerning the pendency of the collective action," to "ensure[]

9

the recipient of that notice will have the right to act upon it rather than have that right denied because of a statute of limitations that ran before the notice was received." *Id*. at 1013-14 (emphasis added). Judge Bush went on to state that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this background principle." *Id.* at 1014 (alteration added) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 410 (2013) (Scalia, J., dissenting)).

For the same reasons, this Court concludes that it is not against the intent of Congress to toll the statute of limitations in this instance.

### III.  ORDER

For the reasons set forth above, the Court concludes that the claims of future opt-in plaintiffs shall be equitably tolled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for equitable tolling (ECF No. 23) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 11, 2024