UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLA DUNCAN,

               Plaintiff,                       Case No. 2:22-cv-12700
                                            District Judge Linda V. Parker

v.                                      Magistrate Judge Anthony P. Patti

MAGNA SEATING OF
AMERICA, INC.,

               Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING WITHOUT
PREJUDICE IN PART MOTION TO COMPEL DISCOVERY (ECF NO. 29)**

## A.    Background

This is a putative collective action alleging violations of the Fair Labor

Standards Act (FLSA), 29 U.S.C. §§ 201- 219 and 29 C.F.R. § 785.24 and the

Ohio Minimum Fair Wage Standards Act (OMFWSA), Ohio Rev. Code § 4111.03.

Plaintiff alleges that she was employed at Defendant Magna Seating of America,

Inc.'s manufacturing plant in Ridgeville Corners, Ohio. (*See* ECF No. 1 at ¶ 16.)

Plaintiff states that Defendant is a manufacturer of automotive seating and operates

manufacturing plants throughout the United States. (*See id*.)

Plaintiff further alleges that Defendant: (1) failed to pay for all hours worked

(*see id*. at ¶¶ 26-31); (2) failed to pay for donning time (time spent putting on

personal protective equipment or PPE) (*see id*. at ¶¶ 32-37); (3) failed to pay for

1

doffing time (time spent removing PPE) (*see id*. at ¶¶ 51-54); (4) failed to pay for time spent walking from the manufacturing floor to the area to don and doff their PPE (*see id*. at ¶¶ 44-45); (5) failed to pay for the time spent walking from the doffing and donning area to the manufacturing floor (*see id*. at ¶¶ 49-50); (6) failed to pay for time spent retrieving parts that were necessary to the employees' job duties (*see id*. at ¶¶ 38-43); (7) failed to pay for manufacturing work performed before the employees' shifts started (*see id*. at ¶¶ 46-48); (8) failed to pay overtime compensation (*see id*. at ¶¶ 55-56); and (9) failed to keep accurate records (*see id*. at ¶ 57). Plaintiff also alleges that Defendant willfully violated the FLSA. (*See id*. at ¶ 58.)

On February 24, 2023, Plaintiff moved for conditional certification of this matter as a collective action. (ECF No. 17.)  On March 31, 2023, Defendant moved to stay the case pending the Sixth Circuit's decision in *Clark*, which presented the issue of when, in FLSA collective actions, a district court must decide whether other employees are "similarly situated" in relation to the distribution of notice and certification. (ECF No. 18.)  The Court granted Defendant's motion to stay. (ECF No. 19.)  After the Sixth Circuit issued its decision in *Clark* on May 19, 2023, *see Clark*, 68 F.4th 1003, Plaintiff filed a motion seeking to toll the statute of

limitations for potential opt-in plaintiffs.[1] (*See* ECF No. 23). Thereafter, the Court held a status conference on December 5, 2023, and, in anticipation of Plaintiff's motion for court authorized notice, permitted limited discovery pursuant to the procedures set forth in *Clark*. (*See* Dec. 5, 2023, Text-Only Order.)

Plaintiff then filed the instant motion to compel discovery. (ECF No. 29.) Relying on *Clark*, Plaintiff seeks discovery aimed at meeting her heightened burden of showing a "strong likelihood" that other employees (potential opt-in plaintiffs) are similarly situated.

Defendant has filed a response in opposition to the motion to compel which purports to be combined with a motion for a protective order. (ECF No. 30.) The local rules prohibit filing a response combined with a motion and, indeed, when Defendant's counsel filed the response there was no indication on the docket that the response also included a motion. *See* E.D. Mich. LR 7.1(i). Only the motion to compel was set for hearing. (*See* ECF No. 34.) While the local rules provide that combined documents will be stricken, I will not strike the response but I will disregard the portion seeking a protective order. Counsel is cautioned in the future to attend to the local rules and their requirements.

---

[1] On March 11, 2024, the Court granted Plaintiff's motion for equitable tolling, holding that the claims of all future opt-in plaintiffs are equitably tolled. (ECF No. 35.)

After the motion was fully briefed, Judge Parker referred it to me for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A), and I set it for hearing, which was held on April 9, 2024.  (ECF Nos. 33 & 34.)  Prior to the hearing, counsel submitted their "Joint Statement of Unresolved Issues."  (ECF No. 38.)  Having reviewed the joint statement, it is clear to the Court that counsel has worked diligently and cooperatively to distill the remaining issues and narrow, to the extent possible, the scope of the dispute.

As detailed in the joint statement, Plaintiff asks for an order compelling Defendant to:

1. Respond to Plaintiff's Interrogatory No. 1 by identify[ing] all former and current non-exempt manufacturing employees employed at one or more of Defendant's manufacturing plants in the United States between November 8, 2019 and the present who were required by their jobs to perform the same categories of activities alleged in the complaint as being in violation of the Fair Labor Standards Act (i.e., changing into and out of personal protective equipment; retrieving parts or equipment; walking to and from their assigned area of the manufacturing floor; and/or performing manufacturing work on the manufacturing floor, before and/or after their scheduled shift start and stop time), by providing (in Microsoft Office Excel format) their names, addresses, telephone numbers, email addresses, dates of employment with Defendant, and the location of the manufacturing plant(s) where they worked for Defendant; and

2. Respond to Plaintiff's Request for Production No. 1 by producing time and pay records for the individuals Defendant is ordered to identify in response to Interrogatory No. 1.

(ECF No. 29, PageID.430-431.)

4

**B.      Discussion**

**1.  *Clark v. A&L Homecare and Training Ctr., LLC***

Under the FLSA, a plaintiff may litigate federal minimum-wage and overtime claims on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b).  *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023); *see also* 29 U.S.C. § 216(b) ("An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). "[U]nlike a Rule 23 class action, an FLSA collective action is not representative— meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'"  *Clark* 68 F.4th at 1009 (quoting *Canaday v. Anthem Companies, Inc*., 9 F.4th 392, 402 (6th Cir. 2021).  Because a plaintiff must affirmatively "opt-in" to the FLSA action, similarly situated parties must, at some point, receive notice of the FLSA action in order to decide whether to opt in.  In *Clark,* the Sixth Circuit addressed the issue of what showing of similarity is necessary for a district court to facilitate notice of an FLSA suit to employees who were not originally parties to the suit.  *Clark*, 68 F.4th at 1007.

Prior to *Clark,* most district courts had adopted a two-step approach in making the notice determination.  *Id.* at 1008 (citing *Lusardi v. Xerox Corp*., 118

F.R.D. 351, 361 (D.N.J. 1987)).  First, after a "modest factual showing" that other employees are "similarly situated" to the original plaintiff, the district court would make a "conditional certification" to facilitate notice to the potential opt-in plaintiffs.  *Id.*.  Thereafter, after discovery was complete, the court would take "a closer look at whether those 'other employees' are, in fact, similarly situated to the original plaintiffs" and, if so, the court would then grant "final certification."  *Id.*

In *Clark,* the Sixth Circuit rejected the two-step, *Lusardi* approach and instead announced a new standard for district courts to notify potential similarly situated plaintiffs of the litigation and the opportunity to opt-in.  *Clark*, 68 F.4th at 1007, 1001.  In fact, the Sixth Circuit determined that the term "'certification' has no place in FLSA actions."  *Id.* at 1009.  "[O]ther employees" become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact "similarly situated" to the original plaintiffs.  *Id.* (citing 29 U.S.C. § 216(b); *Canaday*, 9 F.4th at 403).

The *Clark* panel also observed:

Nor, as a practical matter, do we see how a district court can conclusively make "similarly situated" determinations as to employees who are in no way present in the case. Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the *same tasks* and were subject to the *same policies*—as to both timekeeping and compensation—as the original plaintiffs were. *See, e.g., Pierce v. Wyndham Resorts, Inc*., 922 F.3d 741, 745-46 (6th Cir. 2019).

*Clark*, 68 F.4th at 1010 (emphases added).  Thus, a district court must make a factbound determination in determining whether potential plaintiffs are similarly situated.  *Id.*  That said, a district court should not facilitate notice based only upon the former standard, requiring a "modest showing" of similarity.  *Id.*  Instead, the panel analogized the FLSA determination to facilitate notice to the district court's decision whether to grant a preliminary injunction.  "Both decisions are provisional,  . . . yet both decisions have immediate consequences for the parties."  *Id.* at 1010-11.  Both decisions require that "the movant demonstrate to a certain degree of probability that she will prevail on the underlying issue when the court renders its final decision."  *Id*. at 1011.

The *Clark* court therefore adopted that part of the preliminary injunction standard and held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves."  *Id.*  The court reasoned, "That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance. The strong-likelihood standard is familiar to the district courts; it would confine the issuance of court-approved notice, to the extent practicable, to employees who are in fact similarly situated; and it would strike the same balance that courts have long struck in analogous circumstances."  *Id.*

### 2. Instant Motion

The *Clark* court was primarily focused on "the manner in which other employees come to learn about the existence of an FLSA suit itself." *Clark*, 68 F.4th at 1007. In order for plaintiffs to meet their heightened burden, "a district court may permit discovery for purposes of those 'similarly situated' determinations." *Id.* at 1009 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 109 L.Ed.2d 480 (1989)). The instant motion involves how much discovery Plaintiff may seek to meet her burden of showing similarly situated employees in order to facilitate notice to potential opt-in plaintiffs.

Plaintiff asks for two categories of discovery. The first category seeks identifying information for potential plaintiffs (those who, as defined by Plaintiff, perform the same categories of activities as alleged in the Complaint) at all eleven plants operated by Defendants throughout the United States. The second category asks for the production of time and pay records for those same employees. Having considered the parties' briefs and their oral argument, the Court will grant in part and deny in part the relief sought.

### A. Identifying information

Plaintiff first argues she is entitled to "names, contact information, dates of employment, and location worked" for employees "who were required to perform the same categories of unpaid pre-and post-shift activities that gave rise to this

action—donning and doffing personal protective equipment, retrieving parts and equipment, and walking to and from their assigned area of the manufacturing floor." (ECF No.29, PageID.440-41.)  Plaintiff asserts that "[s]ince *Clark*, Courts in the Sixth Circuit have repeatedly determined that plaintiffs are entitled to this type of information prior to moving for notice." (ECF No. 29, PageID.441.) Plaintiff cites to a series of analogous cases from the Southern and Northern Districts of Ohio.

In *Jones v. Ferro Corp.*, the Northern District of Ohio agreed with the plaintiff "that at least some discovery into the identities, job titles, and contact information of potential opt-in plaintiffs is warranted. As the *Clark* court noted, the similarly situation [sic] determination 'tend[s] to be factbound' and 'the 'other employees' themselves will usually have knowledge—sometimes unique knowledge—of the relevant facts.'" *Jones v. Ferro Corp.*, No. 1:22-CV-00253-JDA, 2023 WL 4456815, at *5 (N.D. Ohio July 11, 2023) (quoting *Clark*, 68 F.4th at 1010).

Similarly, the Northern District of Ohio has also held:

To further assist the parties in formulating discovery requests that are "narrowly tailored" to the "similarly situated" question, the Court observes that such requests should focus on the violations alleged in the complaint (and any closely related affirmative defenses in the answer). For example, although plaintiff's current request for names and contact information is too broad, plaintiff should, at the very least be entitled to learn the identity (by name and contact information, and within the requisite statute of limitations) of other employees who are (or were) required by their jobs to perform the

same categories of activities delineated in … the complaint as being violations of the FLSA. Soft-Lite is in the best position to know what activities are required of each employee.

*McCall v. Soft-Lite L.L.C.*, No. 5:22-CV-816, 2023 WL 4904023, at *9 (N.D. Ohio

Aug. 1, 2023).  On the same day that *McCall* was issued, the Northern District also

issued *McElroy v. Fresh Mark, Inc.*, which likewise noted that the plaintiff's

request for names and contact information was too broad, but that the plaintiff was

"entitled to learn the identity (by name and contact information, and within the

requisite statute of limitations) of other employees who are (or were) required by

their jobs to perform the same categories of activities delineated" in the relevant

complaint.  *McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 4904065, at

*9 (N.D. Ohio Aug. 1, 2023).  Since the defendant was "in the best position to

know what [job duties] are required of each employee," the court ordered the

defendant to comply with the discovery requests.  *Id.*; *see also Cordell v. Sugar

Creek Packing Co.*, No. 2:21-cv-00755, 2023 WL 5918753, *5 (S.D. Ohio Sept.

11, 2023) ("[N]ame and contact information for potential opt-in plaintiffs (not just

identified opt-in plaintiffs) are within the scope of preliminary discovery.").

Notwithstanding the views of the Northern and Southern District of Ohio, I

am more persuaded by the reasoning from a previous case in this district.  In a

recent decision, Judge Murphy held that "*Clark* does not permit the discovery of

the contact information before a showing that there is a 'strong likelihood' that the

potential plaintiffs are similarly situated to Plaintiff." *See Steward v. Epitec, Inc.*, No. 2:22-cv-12857, 2024 WL 95676, \*6 (E.D. Mich. Jan. 9, 2024).  Plaintiff indicates that she wants the identifying information so that she can attempt to contact the employees for discovery purposes, not for solicitation purposes. However, as Judge Murphy highlighted, *Clark* specifically held that "that the court's facilitation of notice must not '*in form or function*' resemble 'the solicitation of claims.'"  *Clark*, 68 F.4th at 1010 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (emphasis added)); *see also Steward*, 2024 WL 95676, \*6.  While Plaintiff here argues that she seeks the contact and identifying information solely for discovery purposes, the practical effect of permitting pre-notification contact with Defendants' employees is that they will receive notice of this lawsuit from Plaintiff's counsel.  "And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own."  *Clark*, 68 F.4th at 1010 (citing *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 434 (5th Cir. 2021)).  This is particularly dangerous because "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a hundredfold."  *Id.* 1007.

11

As Judge Murphy held, "[a]llowing Plaintiff to contact potentially similar employees would in effect allow Plaintiff the benefit of conditional certification before a showing of a 'strong likelihood' that employees are similarly situated." *Steward*, 2024 WL 95676, *6. In other words, the heightened standard adopted in *Clark* would be utilized to justify an easier gateway to effectively provide informal yet actual notice of the claim. "*Clark* expressly rejected this framework and held that such practice would result in solicitation." *Id.* Thus, I adopt the reasoning from *Stewart* and hold that "Plaintiff is not entitled to discovery of the class list before a notice determination." *Id.*; *see also Springer v. Kirchhoff Automotive USA, Inc.*, No. 2:23-cv-10350, 2024 WL 111782 (E.D. Mich. Jan. 10, 2024) (Murphy, J.) (holding identifying information not allowed under *Clark*).

Nonetheless, while I will not allow blanket discovery into the names and contact information of *all* of the employees who potentially qualify as "opt-in" plaintiffs, I am also cognizant that *some* discovery from Defendant and its employees would aid Plaintiff in meeting her burden under *Clark*. As the *Clark* court noted, the issues related to a finding of "similarly situated" "tend to be factbound, meaning they depend on the specific facts pertaining to those employees." *Clark*, 68 F.4th at 1010. "And . . . the 'other employees' themselves will usually have knowledge—sometimes unique knowledge—of the relevant facts." *Id.* Thus, the Court also finds that Plaintiff is entitled to discovery from

some representative employees, after reviewing the discovery that will be allowed as discussed below. For the reasons discussed *infra*, the Court will order Defendant to produce the time and pay records of the group of employees requested by Plaintiff, but will order those records to be produced <u>with names redacted or with pseudonyms or otherwise to protect the anonymity of the employees</u>. After reviewing the records, Plaintiff will be allowed to request further identifying information from a smaller subset of representative employees, which the Court would anticipate in the range of 5-10 employees per plant, from which further discovery may be sought.  Any discovery sought from these employees shall be limited to information bearing on the "similarly situated" inquiry, and shall not be used to circumvent the Court's holding that blanket identifying information will not be allowed.  *See Jones v. Ferro Corp.*, No. 1:22-CV-00253-JDA, 2023 WL 4456815, at *6 (N.D. Ohio July 11, 2023).

The Court will not set exact parameters on how or how many of this smaller sampling of employees will be chosen, but expects the parties to work cooperatively to arrive at an agreement as to time, manner, and number of employees whose information will be provided for purposes of limited, targeted discovery into the "similarly situated" issue for notice.  Should the parties be unable to reach an agreement, Plaintiff may file the appropriate motion, but the Court will look closely into whether reasonable efforts were made to reach an

agreement in determining whether to award costs and fees to the ultimately prevailing party.

### B. Time and Pay Records

As alluded to above, Plaintiff also asks for time and pay records from the parties identified in Interrogatory No. 1. The Court easily finds this information to be discoverable. Indeed, even Judge Murphy, who allowed no discovery into the names and identifying information of potential plaintiffs, allowed the production of such records. In *Springer*, Judge Murphy held that "Defendant should produce 'time and pay data for all former current non-exempt manufacturing employees of Defendant between the last three years and the present." *Springer,* 2024 WL 111782 at *4. The Court agrees with Judge Murphy that "[d]iscovery as to both timekeeping and compensation is essential in determining whether other employees are similarly situated." *Id.* Contrary to Defendant's argument, such information is "reasonably related" to the question of potential opt-in plaintiffs. *Clark* itself indicated that "[w]hether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark*, 68 F.4th at 1010. While Plaintiff alleges that employees were required to perform work "off the clock," time and pay records could be used to identify potential employees who fit certain

patterns or molds.  The Court is also persuaded by Plaintiff's argument that

production of such information is not unduly burdensome, because Defendant is

required by federal law to keep records identifying employees' wages and hours.

*See* 29 C.F.R. § 516.7(a); *see also Berner v. Pharmerica Log. Servs.*, No. 3:23-CV-

00142, 2023 WL 5538300, *2 (W.D.Ky. Aug. 28, 2023).  Finally, production of

time and pay records does not have anywhere near the risk of potential plaintiffs

being solicited as compared with production of the contact information discussed

above.

      Thus, Plaintiff's motion to compel (ECF No. 29) is **GRANTED IN PART**

**AND DENIED IN PART**, as further detailed above.  Defendant is **ORDERED** to

respond to Request for Production No. 1 by producing the time and pay records of

the implicated employees as circumscribed above, after redacting or coding the

names and identifying information with pseudonyms.  Such records must be

produced within **two weeks** of the date of this order.  The parties shall then work

cooperatively to timely identify a sampling of employees from which Plaintiff may

seek targeted discovery related to the issue of being "similarly situated" for

purposes of notice.

      **IT IS SO ORDERED.**[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a
period of fourteen (14) days after being served with a copy of this order within

Dated:  May 10, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

which to file objections for consideration by the district judge under 28 U.S.C. §
636(b)(1).